IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONEL WILLIAMS,

     Plaintiff,               No. CIV S-09-2416 LKK DAD P

    vs.

STATE OF CALIFORNIA, et al.,

     Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        On April 13, 2010, the court ordered plaintiff to file a new application to proceed in forma pauperis because it appeared that he was no longer a prisoner.  When plaintiff failed to file the new application, the court issued findings and recommendations recommending that this action be dismissed.  In light of plaintiff's response to the court's April 14 order, filed on May 21, 2010, the court will vacate the findings and recommendations.  Plaintiff's in forma pauperis application, filed on August 27, 2009, makes the showing required by 28 U.S.C. § 1915(a).

/////

1

1   Accordingly, plaintiff will be granted leave to proceed in forma pauperis.[1]

2          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

3   28 U.S.C. §§ 1914(a) & 1915(b)(1) and (h).  The application shows that plaintiff has been

4   without funds for six months.  Accordingly, the court will not assess an initial partial filing fee.

5   28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

6   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

7   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

8   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

9   § 1915(b)(2).

10  I.  Screening Requirement

11         The court is required to screen complaints brought by prisoners seeking relief

12  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

13  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

14  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

15  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

16  U.S.C. § 1915A(b)(1) & (2).

17         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

19  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

20  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

23  Cir. 1989); Franklin, 745 F.2d at 1227.

24  /////

25

26         [1] However, it may be necessary for the court to obtain a more current in forma pauperis
    application from plaintiff at a later date.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. Summary of Complaint

Plaintiff claims that his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA) have been violated. In this regard, plaintiff alleges as follows. On April 20, 2009, he was transferred from the Santa Rita Jail to Deuel Vocational Institution (DVI) and that upon his arrival, he explained to prison officials that he was mobility-impaired and needed a ground floor cell equipped with hand railings, a lower bunk and a cane. Plaintiff contends that defendant Street, a physician's assistant, disregarded his request for accommodations. In addition, plaintiff contends that defendant Dr. Palagummi completed the request for accommodation form without any input from plaintiff. Plaintiff alleges that as a result of the defendants' actions for the three months he was incarcerated at DVI he did not receive any accommodation for his disability. On July 10, 2009, plaintiff was seen by an orthopedic specialist at an outside clinic and was diagnosed as having a permanent disability and an "orthopedic medical condition that substantially limits ambulation . . . [and that plaintiff] cannot walk 100 yards on a level surface without pause." (Compl. at 8.) On July 13, 2009, plaintiff was transferred to California State Prison - Sacramento which plaintiff contends is not

"listed" as an ADA accessible and equipped prison.  (Id. at 9.)  In addition, plaintiff's pain and seizure medications have been discontinued which has placed his life in "imminent danger."  (Id. at 10.)  Plaintiff seeks compensatory and punitive damages, an order requiring that all reception centers have cells that are handicapped-accessible, and that the review process be changed so that accommodation requests are completed by an appropriate medical specialist rather than the facility's medical staff.  (Id. at 3 & 10.)

III.  Analysis

    A.  Americans with Disabilities Act Claim

        Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  The Act specifically provides that:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  To establish an ADA violation, plaintiff must show that (1) he is a qualified individual with a disability, (2) he was excluded from participation in a public entity's services, programs, or activities, and (3) such exclusion was by reason of his disability.  Lovell, 303 F.3d at 1052.  Because the ADA prohibits discrimination in the services, programs, or activities of a public entity, the proper defendant is the public entity or an official acting in his or her official capacity.  Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009).  Because correctional facilities are "public entities" within the meaning of the ADA, the correctional facility, not the prison officials or the State of California, is the proper defendant with respect to any ADA claim plaintiff wishes to pursue.  See Ellington v. Clark, No. 1:09-cv-02141-AWI-DLB PC, 2010 WL 2303333, at *5 (E.D. Cal. June 7, 2010).

/////

/////

4

1    Here, plaintiff has not named a proper defendant and has not alleged sufficient

2 facts explaining what services, programs or activities he was excluded from because of his

3 disability.[2]  Therefore, the court will dismiss the complaint and grant plaintiff leave to file an

4 amended complaint.

5    B.  Eighth Amendment Claim

6    It also appears that plaintiff is attempting to allege an inadequate medical care

7 claim under the Eighth Amendment.  In this regard, jail and prison officials have a duty to

8 provide humane conditions of confinement; officials must ensure that inmates receive adequate

9 food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the

10 safety of inmates.  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  However, only "unnecessary

11 and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth

12 Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651,

13 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  "It is obduracy and wantonness, not

14 inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and

15 Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

16    "[A] prison official violates the Eighth Amendment only when two requirements

17 are met."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "First, the deprivation alleged must be,

18 objectively, 'sufficiently serious.'"  Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

19 Second, there is a subjective test which requires that defendants must have a sufficiently culpable

20 state of mind, which is one of 'deliberate indifference' to inmate health or safety . . . ."  Id.

21 (quoting Wilson, 501 U.S. at 302-03.)

22    In his amended complaint, plaintiff must allege facts showing that defendants

23 were deliberately indifferent to his health or safety when they conducted his disability

24 _____

25    [2]   Plaintiff is advised that a claim involving the alleged discontinuance of pain
medication is not an ADA claim, but rather a claim of inadequate medical care governed by the
26 Eighth Amendment.

accommodation screening.  As to plaintiff's allegation that his seizure medication was

wrongfully discontinued, plaintiff must allege facts explaining his medical condition, the reasons

provided for the discontinuation of the medication and whether he is alleging that he experienced

seizures as a result of being denied the medication.

C. <u>Defendants</u>

Plaintiff has named several Doe defendants in his complaint.  Plaintiff is informed

that the court is unable to order service of process without the names of specific defendants.  "As

a general rule, the use of "John Doe" to identify a defendant is not  favored."  <u>Gillespie v.

Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  Therefore, plaintiff must specifically name

individual defendants in his amended complaint along with a description of their position.[3]

Plaintiff is cautioned that the amended complaint must allege in specific terms

how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v.

Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.

1978).  Vague and conclusory allegations of official participation in civil rights violations are not

sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

D. <u>Prayer for Relief</u>

Plaintiff is cautioned that he may only seek relief on his own behalf.  This is not a

class action lawsuit and the relief he seeks must be narrowly tailored.  Therefore, in any amended

complaint he elects to file plaintiff may not seek injunctive relief affecting all prison facilities or

on behalf of all the inmates of a prison.

/////

---

[3]  If plaintiff discovers the identity of an unnamed defendant in a timely fashion he may
move to amend his complaint to add the newly discovered defendant.

IV.  Requirements for Amended Complaint

If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Lastly, plaintiff is informed that he must clearly identify each of his claims (i.e. Eighth Amendment, ADA, etc.), and with respect to each claim must identify the appropriate defendant(s) and allege specific facts showing the involvement of each of the defendants in the alleged statutory or constitutional violation.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations, filed on May 25, 2010, are vacated.

2.  Plaintiff's August 27, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted.

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  Plaintiff's complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

7

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

6.  The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: June 22, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will2416.14

8